IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | No. C 10-5132 MMC |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT; VACATING HEARING** |
| v. | |
| ELIZABETH D. ANGELES, et al., | |
| Defendants. | |

    Before the Court is plaintiff J & J Sports Productions, Inc.'s ("J & J") Application for Default Judgment, filed December 21, 2011. Defendant Club Maharlika Corporation ("Club Maharlika"), the sole remaining defendant, has not filed opposition.[1] Having read and considered the papers submitted in support of the motion, the Court deems the motion appropriate for decision on the moving papers, VACATES the hearing scheduled for February 3, 2012, and rules as follows.

    1. Having read and considered the declaration of Thomas P. Riley and the affidavit of David Palmer, and having before it the facts stated in the complaint, which facts are deemed true by reason of the entry of default, see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978), the Court finds J & J had the exclusive rights to distribute "'Firepower':

---

[1] Any opposition was due no later than January 4, 2012. See Civil L.R. 7-3(a) (providing opposition to motion must be "served and filed not more than 14 days after the motion is served and filed").

1  Manny Pacquiao v. Miguel Cotto Championship Fight Program," ("the Program") and
2  further finds Club Maharlika, having no license, intercepted and exhibited for its patrons the
3  Program, in violation of 47 U.S.C. § 605(a).  See Kingvision Pay-Per-View, Ltd. v.
4  Backman, 102 F. Supp. 2d 1196, 1196-97 (N.D. Cal. 2000) (holding unauthorized
5  interception and broadcast of program for which plaintiff has distribution rights violates §
6  605(a)).

   2. J & J, having elected statutory damages under § 605(a), is entitled to a "sum of not less than $1,000 or more than $10,000, as the court considers just." See 47 U.S.C. § 605(e)(3)(C)(i)(II).  A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants.  See Kingvision Pay-Per-View, Ltd. v. Body Shop, 2002 WL 393091, at *4 (S.D. N.Y. March 13, 2002).  Here, plaintiff has not submitted any evidence regarding its losses.  With respect to Club Maharlika's profits, J & J offers evidence that up to 40 persons were present during the telecast of the subject program (see Palmer Aff.), and it can be inferred that at least some of those patrons purchased food and/or beverages in connection with the screening; further, circumstantial evidence suggests that at least some patrons paid a cover charge (see id.).[2]  Where, as here, there is no evidence that the financial benefit to the defendant exceeded $1000, and there is no evidence the defendant has a history of such violations, the Court finds an award of statutory damages in the amount of $1000 is appropriate.  See, e.g., Kingvision Pay-Per-View, Ltd. v. Chavez, 2000 WL 1847644, at *3 (N.D. Cal. December 11, 2000) (awarding $1000 in statutory damages for violation of § 605 where 40 patrons were present in defendant's restaurant and defendant charged $10 cover charge).

   3. J & J seeks an enhancement of the award of statutory damages.  Where a violation of § 605(a) is "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," the court may enhance the damages award by up to

---

[2] J & J's investigator was not charged a cover, but observed some patrons being allowed to exit the establishment to smoke so long as they advised the doorman they had "paid already."  (See id.)  The investigator also heard one patron state, "This is the best $20.00 I have spent."  (See id.)

1  $100,000.  See 47 U.S.C. § 605(e)(3)(C)(ii).  Here, J & J alleges, and the Court deems
2  true, that Club Maharlika exhibited the Program, knowing the Program was not to be
3  intercepted without permission, and did so to obtain financial gain.  (See Compl. ¶¶ 13-14.)
4  Further, the evidence submitted supports a finding that Club Maharlika did in fact gain
5  financially from showing the Program; specifically, at one point during the Program, Club
6  Maharlika became full to such extent that the "door person" could not admit further patrons.
7  (See Parker Aff.)  Consequently, the Court finds defendants acted willfully and for private
8  financial gain.  To deter future willful violations, enhancement damages in the amount of
9  $5000 will be awarded.  See Joe Hand Promotions, Inc. v. Pete, 1999 WL 638215, at *2
10 (N.D. Cal. August 17, 1999) (awarding enhancement damages of $5000 "to deter future
11 piracy of pay-per-view events").

12       4.  With respect to its state law claim of conversion, J & J argues it is entitled to
13 receive an award in the amount of $2200, which, J & J asserts, was "the amount [Club
14 Maharlika] would have been required to pay had [it] ordered the Program."  (See Pl.'s Mem.
15 of P. & A. at 22.)  J & J, however, has offered no evidence to support said assertion.  In the
16 absence of such evidence, J & J has not shown its entitlement to an additional award of
17 $2200.  See Amini Innovation Corp. v. KTY Int'l Marketing, 768 F. Supp. 2d 1049, 1054
18 (C.D. Cal. 2011) (holding plaintiff seeking default judgment "is required to provide evidence
19 of its damages").

20                                    **CONCLUSION**

21       For the reasons stated above, J & J's application for default judgment is hereby
22 GRANTED in part, and plaintiff shall have judgment against defendant Club Maharlika in
23 the amount of $6000.
24       The Clerk shall enter judgment and close the file.
25       **IT IS SO ORDERED.**

27 Dated: January 17, 2012
                                         _____
28                                       MAXINE M. CHESNEY
                                         United States District Judge

3